IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE SYLVESTRE,
as personal representatives
of the estate of PRESLEY EZE,

    Plaintiffs,

v.                                        No. 2:23-cv-976 GBW/KRS

OFFICER BRAD LUNSFORD,
in his individual capacity,

    Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on May 28, 2024. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories, inclusive of all subparts, by each party to any other party, with responses due thirty (30) days after service.

(b) Maximum of twenty-five (25) requests for production admission by each party to any other party, with responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) requests for admission, inclusive of all subparts, by each party to any other party, with responses due thirty (30) days after service.

(d) Maximum of ten (10) depositions by Plaintiffs, and ten (10) depositions by Defendant. Each deposition (other than that of the parties and expert witnesses)

limited to maximum of four (4) hours, unless extended by agreement of the parties. Depositions of parties and experts limited to maximum of seven (7) hours, unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiffs to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **July 26, 2024**;

(b) Deadline for Defendant to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15:  **August 27, 2024**;

(c) Deadline for Plaintiffs' expert reports:  **August 27, 2024**;

(d) Deadline for Defendant's expert reports:  **September 26, 2024**;

(e) Termination of discovery:  **November 25, 2024**;

(f) Deadline for supplementing discovery/disclosures: Due within thirty (30) days of receipt of information giving rise to need to supplement;

(g) Motions relating to discovery:  **December 9, 2024**;

(h) All other motions:[1]  **December 26, 2024**;

(i) Pretrial order:  To be set by the presiding judge.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question.  Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition,

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

must be made by motion and before the termination of discovery or the expiration of any applicable deadline.  Discovery must be completed on or before the termination of the discovery deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE