IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE
SYLVESTRE, as PERSONAL
REPRESENTATIVES of the
ESTATE OF PRESLEY EZE,
ISAAC AND LORETTA EZE, parents of PRESLEY EZE,
ELENA EZE, spouse of PRESLEY EZE and
VINCENT J. WARD, as Guardian Ad Litem, of I.E.,
a minor child, of decedent Presley Eze,

    Plaintiffs,

v.                                          No. 2:23-cv-00976-KWR-KRS

THE CITY OF LAS CRUCES and
OFFICER BRAD LUNSFORD,
in his individual capacity,

    Defendants.

**ORDER GRANTING UNOPPOSED MOTION FOR ENTRY OF
AMENDED STIPULATED CONFIDENTIALITY ORDER**

THIS MATTER is before the Court on the Unopposed Motion For Entry of Amended[1] Stipulated Confidentiality Order ("Motion") (Doc. 73), filed by Defendants City of Las Cruces and Officer Brad Lunsford (the "City Defendants"). According to the Motion, both the City Defendants and Plaintiffs are in possession of documents and other materials that are confidential and are or may be subject to discovery and disclosure in this case. The City Defendants therefore request that the Court enter their Amended Stipulated Confidentiality Order pursuant to Fed. R. Civ. P. 26(c) to protect confidential materials from public disclosure. The City Defendants represent that counsel for Plaintiffs have been contacted and do not oppose this motion. Based on

---

[1] The current Motion amends the City Defendants' previously filed Unopposed Motion For Entry of Stipulated Confidentiality Order (Doc. 63).

these representations, the Court finds good cause under Federal Rule of Civil Procedure 26(c) for entry of a stipulated confidentiality order.

ACCORDINGLY, the Court GRANTS the Motion (Doc. 73), and enters the Amended Stipulated Confidentiality Order, with certain additions and/or modifications made by the Court, as follows:

## AMENDED STIPULATED CONFIDENTIALITY ORDER

A.  The parties may designate as "Confidential" the following categories of documents: personnel records, disciplinary records, Internal Affairs investigations, medical records, mental health records, and psychological evaluations and conclusions.

B.  As used in this Order, "Confidential Materials" shall refer to personnel records, disciplinary records, Internal Affairs investigations, medical records, mental health records, and psychological evaluations, military disability records, psychological testing, and conclusions; including any excerpt, description, or summary of the listed materials, which must be identified by the producing party as "Confidential" by (a) labeling the document to be so designated substantially as follows: "CONFIDENTIAL"; or (b) notifying the other party in writing or on the record in deposition or in Court that the document should be treated as "Confidential" pursuant to this Order.

C.  This Order does not compromise any party's ability to challenge the designation of any document or other discovery material as "Confidential" by bringing the designation to the attention of the Court by appropriate motion. Before filing such a motion, the party challenging the designation shall first attempt to resolve such dispute with the producing party's counsel. If the challenging party then brings the dispute to the Court's attention through the filing of a motion,

the motion must include the certification required by Fed. R. Civ. P. 26(c)(1) that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The designated confidential status of such information shall be preserved pending disposition of the motion. While the party challenging the designation must file a motion to bring its challenge to the Court's attention for resolution, the designating party, consistent with Fed. R. Civ. P. 26(c), bears the burden of proving that the confidential designation is warranted under applicable rules, statutes, and/or principles of common law.

      D.    Confidential Materials shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for trial of this action and for no other purpose. All outside expert witnesses employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

      E.    Confidential Materials may be disclosed to deponents during their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person, unless that person is an expert or consultant retained by either Party. Upon receipt of such advice, the deponent will be under the same restrictions with respect to such Confidential Materials as the Parties hereto.

F. In the event that a party seeks to disclose Confidential Materials in any pleading, motion, deposition transcript, or other papers filed with the Clerk of this Court, the filing party must seek to file the Confidential Materials under seal. The parties acknowledge, however, that this Order does not automatically entitle them to seal Confidential Materials filed with the Court; rather, to do so, leave of court to file under seal must be obtained. The submitting party may file Confidential Materials as a separate sealed exhibit before a sealing order is obtained, and must also file a redacted version of the Confidential Materials on the public docket, which may include, when necessary, slip pages appropriately labeled "UNDER SEAL" to indicate the exhibits or other materials that have been omitted in their entirety from the public filing. Contemporaneously with those filings, the filing party also must file a motion for leave to file the Confidential Materials under seal, identifying the confidential information contained in the Confidential Materials, the party that has designated the material as confidential ("the designating party"), and whether the sealing motion is opposed or unopposed. If opposed, the opposing party shall file a response to the sealing motion within seven days of its filing. The Court will rule on the contested sealing motion without further briefing unless the filing party obtains leave to file a reply. The motion for leave to file the Confidential Materials under seal must also include an explanation by the designating party why the document is sealable. If the party filing the Confidential Materials is not the designating party, the filer must make reasonable efforts prior to filing the sealing motion to obtain an explanation from the designating party for why the document is sealable for the filing party to include in the motion for leave to file under seal. If the designating party does not provide an explanation in time for it to be included in the motion for leave to file under seal, the designating party must file a separate notice with the explanation within three business days of the motion for

leave to file under seal being filed. Failure of the designating party to provide a timely explanation for why the document is sealable may result in the Court denying the motion for leave to file under seal and ordering that the sealed filing be unsealed.

      G.     All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit. No copies thereof shall be retained by any person. The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party. In the event that the parties determine that the Confidential Materials need to be retained by the non-producing party, then this Order shall remain in effect until such time as the attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

      H.     If documents, answers, or other discovery materials have been furnished, disclosed, or produced prior to the entry of this Order but fall within the category of materials designated herein as "Confidential," said materials are to be treated as an inadvertent failure to designate under Paragraph M of this Order, provided that the producing party notifies opposing counsel in writing within twenty days of entry of this Order that the previously produced documents are designated "Confidential."

      I.     Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without

prior consent of the nonproducing Party or of this Court. Such use or disclosure, however, may be taken into consideration if the "Confidential" designation is challenged.

J.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

K.  Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. An interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

L.  If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential" of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

M.  If any document or other discovery material that the producing Party believes should have been marked "Confidential" is produced without that designation, the producing Party, upon discovery of such production without designation, may request the marking [and designation] of any such document or other materials as "Confidential," and thereafter such materials and all copies of it shall be subject to the provisions of this Amended Stipulated Confidentiality Order respecting the treatment of materials so designated.

N.  This Order only applies to pretrial disclosure and post-trial return of Confidential Materials. The documents may be proposed as trial exhibits by either party, and the use of the documents as trial exhibits shall be governed by the Court's evidentiary rulings, and any substantive law that may be applicable.

O.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Material by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

P.  The terms of this Order are subject to modification, extension, or limitation as agreed to by all parties in writing, provided that all parties join in, and the Court approves, such modification, extension, or limitation.

Q.  This Order shall continue in force until amended or superseded by express order of this Court, and shall survive any Final Judgment entered herein. After the conclusion of this action, the parties may bring an action to enforce this order in a state or federal court of competent jurisdiction.

IT IS SO ORDERED this 9th day of April, 2025.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:

/s/ Luis Robles
Luis Robles
Robles, Rael & Anaya, P.C.

500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
luis@roblesrael.com
*Attorney for City Defendants*

Approved by:

/s/ Shannon L. Kennedy
Shannon L. Kennedy
Joseph P. Kennedy
The Kennedy Law Firm, P.C.
P.O. Box 26776
Albuquerque, NM 87125-6776
P: 505-244-1400 / F: 505-244-1406
jpk@civilrightslaw.com
slk@civilrightslaw.com

John A. Sodipo, Esq.
Sodipo Law Group, P.C.
120 Oxford Street
Hartford, CT 06106
P:860-233-245 / F: 860-233-8436
john@sodipolg.com

*Attorneys for Plaintiff*