IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE SYLVESTRE,
*personal representatives of the Estate of Presley Eze*;
ISAAC EZE and LORETTA EZE, *parents of Presley
Eze*; ELENA EZE, *spouse of Presley Eze*; and VINCENT
J. WARD*, Guardian Ad Litem of I.E., a minor child
of Presley Eze,*

    Plaintiffs,

v.                                                          No. 2:23-cv-00976-KWR-KRS

OFFICER BRAD LUNSFORD, and THE CITY OF LAS
CRUCES,

    Defendants.

### ORDER ON PLAINTIFFS' MOTION TO COMPEL DEFENDANT CITY OF LAS CRUCES TO PROVIDE COMPLETE RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Compel Defendant City of Las Cruces to Provide Complete Responses to Plaintiffs' Second Set of Request for Production of Documents ("Motion to Compel"), (Doc. 82), filed April 18, 2025. The City of Las Cruces filed a response on June 1, 2025. (Doc. 104). On June 16, 2025, Plaintiffs replied. (Doc. 107). A telephonic hearing was held on August 15, 2025. *See* (Doc. 125). At the hearing, Plaintiffs notified the Court that the parties resolved all issues within the Motion to Compel except: (1) an affidavit or deposition of Dr. Peter V. DiVasto; (2) terms for production and examination of Taser item #17; and (3) terms for production and examination of two cell phones—Phone with Black case, item #21, and Black cell phone and metal clip, item #15. *See id.*

The Court carefully reviewed the Motion to Compel, memoranda and the relevant authorities, Plaintiffs' Second Set of Requests for Production of Documents, and The City of Las Cruces' responses and objections as well. Having heard the arguments of the parties on the limited

issues, and for the reasons stated at the hearing, I find Plaintiffs' Motion to Compel shall be granted, in part, as noted below.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendant City of Las Cruces to Provide Complete Responses to Plaintiffs' Second Set of Request for Production of Documents, (Doc. 82), is **GRANTED IN PART**, as follows:

(1)     The City of Las Cruces shall produce, by **September 2, 2025**, the testing and raw data from Defendant Brad Lunsford's ("Lunsford") tests administered by Dr. Peter V. DiVasto ("Dr. DiVasto"), including Dr. DiVasto's forensic interview with Lunsford or, alternatively, an affidavit from Dr. DiVasto attesting that Lunsford's testing, raw data, and social history questionnaire no longer exist;

(2)     Plaintiffs' expert(s) may inspect Taser item #17 and Taser Holster item #19 at the Las Cruces Police Department to maintain the chain of custody of the items. Plaintiffs shall be responsible for any and all expert costs associated with their experts' inspection of the Taser item #17 and Taser Holster item #19; and

(3)     Regarding Request for Production No. 7, the Court orders the following supplemental briefing:

    a.     Plaintiffs' supplemental briefing is due **September 2, 2025**;

    b.     The City of Las Cruces' supplemental response brief is due **September 15, 2025**. The City of Las Cruces' supplemental response brief shall include a means or method for Plaintiffs' experts to examine the two cell phones—Phone with Black case, item #21, and Black cell phone and metal clip, item #15—while in the cell phones remain in the custody of the Las Cruces Police Department; and.

    c.     Plaintiffs' supplemental reply brief is due **September 26, 2025**.

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE