IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE
SYLVESTRE, as PERSONAL
REPRESENTATIVES of the
ESTATE OF PRESLEY EZE,
ISAAC and LORETTA EZE, parents of PRESLEY EZE,
PETE "OBI" EZE, brother of PRESLEY EZE,
ELENA EZE, spouse of PRESLEY EZE and
VINCENT J. WARD, as Guardian Ad Litem, of I.E.,
a minor child, of decedent Presley Eze,

      Plaintiffs,

  v.                            No. 1:23-cv-00976-KWR-KRS

THE CITY OF LAS CRUCES and
BRAD JUSTIN LUNSFORD,
in his individual capacity,

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Impose Default Judgment Sanctions Against Defendant Brad Lunsford for His Destruction of Material Electronically Stored Communications ("ESI") and To Provide Further Responses to Plaintiffs' Request for Production No. 3. (**Doc. 106**). Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court finds that the motion is well-taken, and, therefore, is **GRANTED IN PART**.

### BACKGROUND

On November 3, 2023, Plaintiffs brought this action against Defendants Brad Lunsford and the City of Las Cruces ("City"). **Doc. 1**. This action arises out of the August 2, 2022, fatal altercation between Defendant Lunsford and Presley Eze. Plaintiffs allege violations of 42 U.S.C. § 1983, the New Mexico Civil Rights Act, and loss of consortium. **Doc. 85 at 7–10, 13**. On December 6, 2023, a grand jury indicted Defendant Lunsford on a criminal charge of voluntary manslaughter. **Doc. 106-4**.

On February 7, 2025, Plaintiffs served Defendant their Second Set of Requests for Production seeking electronic communications with his co-workers. **Doc. 54**. Eighty-eight days later, on May 6, 2025, Defendant Lunsford responded. **Doc. 94**. His written response stated that "he deleted his text messages with any member of the Las Cruces Police Department and any employee of the City of Las Cruces, including but not limited to the former or current Chiefs of the Las Cruces Police Department from August 2, 2021, to the present time." **Doc. 106-15 at 3**.

Defendant Lunsford testified that he has had the same phone since his criminal prosecution began, and he texted other Las Cruces Police Department ("LCPD") officers on that phone. **Lunsford Dep., Ex. 3, 51:30–51:45**. He testified that he did not delete any texts with officers after being served the Second Set of Requests for Production, but he deleted texts with Chief Story prior to receiving the request in 2025. **Lunsford Dep. 52:15–53:15, 55:00**. He claims that the deleted messages were not relevant, and that he does "mass [text] deletion[s]," including text messages with other LCPD officers, after receiving an unspecified number of texts. **Lunsford Dep. 54:00–56:00**. In responding to the request, Defendant Lunsford produced text messages with three officers. **Doc. 106-17**. But he had over 110 LCPD employees' phone numbers saved to his contacts.[1] **Lunsford Dep. 1:02:00–1:17:00**.

---

[1] Defendant Lunsford noted that he deleted text messages with Sgt. Patrick Doyle, an officer in his chain of command at the time of the shooting, that pertained to officer involved shootings. **Lunsford Dep. 1:03:30–1:04:40**.

Plaintiffs presently seek default judgement against Defendant Lunsford on the grounds he destroyed evidence. **Doc. 106 at 3**. Defendant Lunsford does not contest that he destroyed evidence, but he argues that default judgment is not an appropriate sanction. **Doc. 113 at 2**.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 37(e) governs the failure to preserve electronically stored information ("ESI") and provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

## DISCUSSION

The Court finds that default judgment is not warranted, but an adverse inference instruction concerning Defendant Lunsford's deleted communications is warranted. The Court orders further production of Defendant Lunsford's communications on his X, formerly Twitter, account. **Doc. 106-16**. And the Court orders Defendant Lunsford to pay reasonable costs and fees incurred in the making of Plaintiffs' present Motion.

---

Text messages with Sgt. Patrick Doyle were not among the texts Defendant Lunsford submitted in response to Plaintiffs' Second Set of Requests for Production. **Doc. 106-17**.

Pursuant to Rule 37(e), Plaintiffs move for default judgment against Defendant Lunsford. Plaintiffs contend default judgment is the only remedy that sufficiently redresses his destruction of evidence. **Doc. 106 at 22**.

## I. Default judgment is not appropriate under Rule 37(e).

Plaintiffs request the Court to enter default judgment against Defendant Lunsford for violating Rule 37(e)(2). While Plaintiffs briefly mention the Court's inherent authority to sanction, they only move for sanctions under Rule 37(e). **Doc. 106 at 25–26**. Additionally, Rule 37(b) is not triggered since Plaintiffs do not demonstrate that Defendant Lunsford failed to comply with a discovery order. Accordingly, the Court considers Plaintiffs' Motion for Default Judgment under Rule 37(e).

### A. Rule 37(e) applies.

Rule 37(e) applies only if the following prerequisites are met: (1) the ESI should have been preserved in the anticipation or conduct of litigation; (2) the ESI was lost because a party failed to take reasonable steps to preserve it; and (3) the ESI cannot be restored or replaced through additional discovery. Fed. R. Civ. P. 37(e). The party seeking sanctions must demonstrate by a preponderance that the adverse party destroyed evidence. *New Mexico Oncology & Hematology Consultants, Ltd., v. Presbyterian Healthcare Servs.*, No. 1:12-cv-00526 MV/GBW, 2017 WL 3535293, at *1 (10th Cir. Aug. 16, 2017).

#### 1. The ESI should have been preserved.

Litigants must preserve evidence when they have notice or should know that evidence may be relevant to future litigation. *Browder v. City of Albuquerque*, 209 F. Supp. 3d 1236, 1243 (D.N.M. 2016).

4

Here, Defendant City had notice to preserve evidence upon receiving Plaintiffs' Tort Claims Notice (**Doc. 106-3**) on August 19, 2022. Plaintiffs assume that the notice given to Defendant City is imputed to Defendant Lunsford. **Doc. 106 at 25**. Even if notice does not impute, Defendant Lunsford was on notice after he was criminally indicted December 6, 2023. **Doc. 106-4**. Further, Defendant Lunsford should have known that litigation was imminent after the shooting and Defendant City received the Tort Claims Notice. *See Browder*, 209 F. Supp. 3d at 1240 (finding that a duty to preserve formed when a city became aware of its officer's involvement in a fatal accident). Even if the shooting itself did not create a duty for Defendant Lunsford to preserve his text messages, his indictment certainly did. Accordingly, the Court finds that the ESI should have been preserved.

   **2. Defendant Lunsford did not take reasonable steps to preserve the ESI.**

Once a duty to preserve evidence attaches, a party must take reasonable steps to preserve evidence, including suspending any routine document destruction. *See Schmidt v. Shifflett*, No. CV 18-0663 KBM/LF, 2019 WL 5550067, at *1 (D.N.M. Oct. 28, 2019).

Here, rather than reasonably preserve the ESI, Defendant Lunsford claimed "he deleted his text messages with any member" of LCPD or employee of the City. **Doc. 106-15 at 3**. Plaintiffs requested all texts, emails, and any communication between any employee of LCPD or the City from August 2, 2021, until the present date. **Doc. 106-15 at 1**. While Defendant Lunsford claimed he does routine "mass deletion[s]" of his texts after receiving an unspecified amount, *see* **Lunsford Dep. 54:00–56:00**, he had a duty to preserve his messages after being indicted on December 6, 2023, and refrain from routine document destruction, *see Shifflett*, 2019 WL 5550067, at *1. Plaintiffs requested Defendant Lunsford's texts on February 7, 2025, and, on May 6, 2025, he claimed he had deleted all texts. **Doc. 106 ¶¶ 74, 89**. But Defendant City provided Plaintiffs with

5

text conversations between Defendant Lunsford and Chief Story dated January 13, February 5, and February 10, 2025. **Doc. 113-1 at 2–3**. Creating further inconsistency, Defendant Lunsford produced text messages with three fellow officers in response to Plaintiffs' Request for Production No. 3. **Doc. 106-17**. Accordingly, Defendant Lunsford failed to take reasonable steps to preserve relevant evidence and deleted it instead.

### 3. The ESI cannot be restored or replaced through additional discovery.

Defendant Lunsford contends that the text exchange provided by Chief Story provides the evidence he deleted. **Doc. 113 at 4**. He also attempts to minimize the harm done to Plaintiffs by arguing that the deleted text exchange with Chief Story does not address the merits of Plaintiffs' claims and is not admissible. *Id.* **at 7**. The Court is not convinced.

Even assuming the text exchange bears no relevance, Defendant Lunsford's willingness to destroy evidence strains this Court's reliance on his credibility and the judicial system itself. *See Garcia v. Berkshire Life Ins. of Am.*, 569 F.3d 1174, 1181 (10th Cir. 2011) (finding that when a party "wilfully submits false evidence, it imposes substantial burdens not only on the opposing party, but also on the judicial system itself"). Defendant Lunsford's own response contradicts his assertion that the text exchange with Chief Story provides the deleted evidence. He states he deleted all texts "including but not limited to, the former or current Police Chiefs . . . from August 2, 2021, to the present time." **Doc. 106-15 at 3**. The phrase "including but not limited to" indicates that Defendant Lunsford deleted other texts. His testimony and messages between LCPD officers Lucy Milks, Cody Austin, and Alejandro Rodriguez indicate he had communications with other officers. **Doc. 106-17; Lunsford Dep. 51:46**. Defendant Lunsford's contradictory testimony and destruction of evidence casts a shadow of doubt "on the veracity of all [his] submissions." *Garcia*, 569 F.3d at 1180. Defendant Lunsford confirmed that he is unable to retrieve the texts that he

deleted and unable to recall when he deleted them. **Lunsford Dep., 53:30–54:00**. Accordingly, the Court finds that any ESI that was deleted by Defendant Lunsford and not provided by Defendant City will remain unknown to Plaintiffs and cannot be replaced by additional discovery.

### B. Defendant intended to destroy evidence.

Dismissal or default judgment should be based on "willfulness, bad faith, or [some] fault." *Lee v. Max Intern., LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011). Only if a movant proves by a preponderance that the opponent intended to deprive them of information may a court presume the information was unfavorable to the party, issue an adverse inference instruction, or enter default judgment. Fed R. Civ. P. 37(e)(2); *see also Ellis v. Hobbs Police Dep't*, Civ. No. 17-1011 KWR/GBW, 2020 WL 1041688, at *5 (D.N.M. Mar. 4, 2020) (citing *Ryan v. Editions Ltd. W.*, 786 F.3d 754, 766 (9th Cir. 2015)). Courts have found that the intent requirement is met if the evidence demonstrates or it is reasonable to infer that a party purposefully destroyed evidence to avoid his litigation obligations. *See Franklin v. Stephenson*, No. 20-cv-0576 MIS-JFR, 2022 WL 6225303, at *9 (D.N.M. Feb. 16, 2022).

Here, Defendant Lunsford admitted that he "deleted his text messages to any member of the City of Las Cruces Police Department and any employee of the City of Las Cruces, including but not limited to, the former or current Police Chiefs of the Las Cruces Police Department from August 2, 2021 to the present time." **Doc. 106-15 at 3**. Defendant Lunsford concedes he "deleted a text exchange between Chief Story and [himself]," and he should be sanctioned appropriately. **Doc. 113 at 7**. He makes no argument that he deleted messages for any other reason than to deprive Plaintiffs of the content. *Cf. Ellis*, 2020 WL 1041688, at *6 (finding a party's intent was to provide his daughter with a working cell phone, not deprive the other party of audio recordings). Rather, Defendant Lunsford acknowledges he deleted texts, and he did so after it was apparent that his

communications about the shooting were relevant to the litigation. *See Philmar Dairy, LLC v. Armstrong Farms*, No. 18-cv-0530 SMV/KRS, 2019 WL 3037875, at *6 (D.N.M. Jul. 11, 2019) (noting that losing evidence after it became clear that the evidence would define the litigation could weigh in favor of finding intent). Accordingly, the Court finds that Defendant Lunsford intended to destroy evidence in violation of Rule 37(e)(2).

### C. Default judgment is not appropriate.

While Defendant Lunsford concedes he should be sanctioned, he contends that default judgment is not appropriate. **Doc. 113 at 7**. The Court agrees.

Plaintiffs assert this Court likely has the authority to enter default judgment against Defendant Lunsford without considering the factors put forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). But several courts in this district have considered the *Ehrenhaus* factors when considering default judgment pursuant to a Rule 37(e) motion after the 2015 amendments. *See Coyne v. Los Alamos Nat'l Security, LLC*, No. 15-cv-54 SCY/KBM, 2017 WL 3225466, at *5 (D.N.M. May 1, 2017) ("Regardless of the specific violation, however, the Tenth Circuit's decision in *Ehrenhaus v. Reynolds* guides this Court's determination of whether to dismiss Plaintiff's lawsuit."); *see also Ellis*, 2020 WL 1041688, at *7 (applying *Ehrenhaus* factors); *Franklin*, 2022 WL 6225303, at *10 (applying *Ehrenhaus* factors). Here, entering default judgment would be inappropriate under Rule 37(e) alone or with consideration of the *Ehrenhaus* factors. The Court addresses each approach in turn.

#### 1. Default judgment is not warranted under Rule 37(e) alone.

Our legal system "strongly prefers" adjudication on the merits. *Lee*, 638 F.3d at 1321. Default judgment deprives a litigant of her day in court and is appropriate "only where a lesser sanction would not serve the interest of justice." *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991).

After a finding of intent, a court may presume the lost information unfavorable to the party, issue an adverse inference instruction, dismiss the action, or enter default judgment. Fed. R. Civ. P. 37(e)(2).

Since the Court finds that Defendant Lunsford destroyed text messages with the required intent, the Court may sanction him pursuant to Rule 37(e)(2). Plaintiffs contend any sanction less than default judgment provides no remedy. **Doc. 106 at 22**. Plaintiffs argue spoliation sanctions must go beyond the status quo and an adverse inference instruction will not go beyond the status quo because the "jury will conclude on its own that the deleted recordings were so damaging to Lunsford" that he deleted them. **Doc. 106 at 23**.

Plaintiffs improperly assume the jury will conclude the deleted messages were damaging to Defendant Lunsford's case. One might delete text messages to avoid thinking about a stressful situation, for some other benign reason, or to destroy evidence. Since a juror can reasonably arrive at any of these conclusions, the status quo is not as Plaintiffs suggest. After all, as Plaintiffs note, Defendant Lunsford deleted "*potentially* explosive evidence." **Doc. 106 at 23** (emphasis added). While the status quo is not entirely as Plaintiffs suggest, an appropriate sanction is still in order. Under Rule 37(e), the Court finds that an entry of default judgment is not warranted, but an adverse inference instruction is an appropriate sanction.

### 2. Default judgment is not warranted considering the *Ehrenhaus* factors.

Before granting default judgment, courts in the Tenth Circuit consider the following five factors: (1) the degree of prejudice to the non-offending party; (2) the degree of interference with the judicial process; (3) the culpability of the offending party; (4) whether the court warned the party that non-compliance would likely result in default judgment; and (5) the efficacy of lesser

sanctions. *Ehrenhaus*, 965 F.2d at 921. These factors are neither exhaustive nor entitled to equal weight. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005).

### a. Plaintiffs are prejudiced.

Actual prejudice occurs when "the destroyed evidence goes to a critical issue and the evidence at hand is conflicting." *United States ex rel. Baker v. Cmty. Health Sys., Inc.*, No. 05-279 WJ/ACT, 2012 WL 12294413, at *14 (D.N.M. Aug. 31, 2012). Materiality and relevance can be presumed if a discovery violation involves willful fraud. *Garcia*, 569 F.3d at 1180. Prejudice can be caused by delay and mounting attorneys' fees. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993).

Here, the full extent of prejudice suffered by Plaintiffs cannot be fully known. Defendant Lunsford's argument that Chief Story's texts provide Plaintiffs with the deleted evidence is contradicted by his own response and conduct. **Doc. 113 at 3**. He responded to Plaintiffs' request by stating he deleted texts "including but not limited to" those with Chief Story. **Doc. 106-15 at 2**. Further, Defendant Lunsford claimed to destroy all texts with any member or employee of LCPD or City employee, but he produced three sets of messages with LCPD officers. **Doc. 106-17**. Therefore, the Court cannot accept his contention that Plaintiffs are provided with all the deleted evidence.

Defendant Lunsford's communications may have contained critical evidence. As Plaintiffs note, the text messages could have contained "potentially explosive evidence," but they could have also been potentially unhelpful. **Doc. 106 at 23**. Further, Defendant Lunsford's destruction of evidence caused Plaintiffs to incur unnecessary costs and delay, which has been considered prejudice. *See Auto-Owners Ins. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding prejudice when a defendant's violation wasted eight months of litigation).

Accordingly, the Court finds that Plaintiffs are prejudiced by Defendant Lunsford's contradictory responses, willful destruction of evidence, and unnecessary costs and delay. This factor weighs in favor of default judgment.

### b. The judicial process suffers interference.

Conduct that causes a court to expend unnecessary resources can establish interference with the judicial process. *Ellis-Hall Consultants, LLC v. Hofmann*, Nos. 20-4040, 20-4041, 20-4045, 2022 WL 3972093, at *5 (10th Cir. Sep. 1, 2022) (citing *Jones*, 996 F.2d at 265).

Here, Defendant Lunsford's destruction of evidence has caused this Court and Plaintiffs to expend unnecessary resources resolving discovery disputes. Moreover, willful destruction of evidence interferes with the judicial process by disrupting the accuracy of the fact-finding process. Accordingly, this Court finds Defendant Lunsford interfered with the judicial process by forcing the Court and parties to expend unnecessary resources and undermining the accuracy of the fact-finding process. This factor weighs in favor of default judgment.

### c. Defendant Lunsford is culpable.

Here, Defendant Lunsford intentionally destroyed text messages kept on his cell phone after litigation began. **Doc. 113-1**. Defendant Lunsford's conduct is at issue, not his attorneys'. *See Ehrenhaus*, 965 F.2d at 922 (affirming a district court's finding of culpability when a party willfully and intentionally disobeyed two court orders). Therefore, the Court finds Defendant Lunsford's culpability weighs in favor of default judgment.

### d. The Court did not previously warn the party.

Here, the Court did not give Defendant Lunsford prior warning that default judgment could result from his conduct. Therefore, the Court finds the fourth factor weighs against default judgment.

### e. Lesser sanctions would be effective.

Plaintiffs contend anything less than default judgment will not be effective. **Doc. 106 at 22**. Plaintiffs argue that a jury "will conclude on its own that the deleted recordings were so damaging" that Lunsford deleted them. *Id.* **at 23**. As previously explained, a reasonable juror may find several reasons, nefarious and benign, why Defendant Lunsford deleted his text messages. Plaintiffs cannot overcome the fact that the deleted texts contain only "potentially explosive evidence." *Id.* Thus, default judgment is not required to go beyond the status quo. *See Coyne*, 2017 WL 3225466 at *10 ("[A] sanction must go beyond the status quo."). Rather, an adverse inference instruction will sufficiently sanction Defendant Lunsford.

In sum, the Court finds that the *Ehrenhaus* factors do not weigh heavily enough to justify entering default judgment against Defendant Lunsford. Default judgment is not warranted under Rule 37(e)(2) with or without consideration of the *Ehrenhaus* factors.

### D. An adverse inference instruction is warranted.

An adverse inference instruction may be an appropriate sanction for spoliation of evidence. *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 988–89 (10th Cir. 2006). Under Rule 37(e)(2), an adverse inference instruction may be given only upon finding a party intended to deprive another of information.

Defendant Lunsford deleted text messages with the intent to deprive Plaintiffs of using them in the litigation. He concedes that he deleted text messages after the messages became relevant to the litigation. *See* **Doc. 113 at 7**. He provides no argument that the messages were deleted by mistake or without intent to prevent Plaintiffs from using the messages. Moreover, Defendant Lunsford provided contradictory responses to Plaintiffs' inquiries about his text messages concerning the shooting. He claims that he "does not possess any text messages because

he deleted his text messages with any member of [LCPD] and any employee of the City," **doc. 106-15 at 3**, but he also provided texts with three LCPD officers in response to Plaintiffs' Request for Production No. 3, **doc. 106-17**. Accordingly, the Court finds that Defendant Lunsford intentionally deleted some texts to prevent their use in the litigation.

Based on the finding that Defendant Lunsford intended to deprive Plaintiffs of text messages, the Court will inform the jury that Defendant Lunsford intentionally destroyed text messages and that they are to infer that those messages were unfavorable to his case. As for Plaintiffs' concern about Defendant Lunsford asserting his Fifth Amendment right when questioned about text messages, the Court notes a distinction between invoking the right during a deposition and at trial. *See T.R. v. Howard*, Civ. No. 20-276 GBW/JHR, 2024 WL 916268, at *3 (D.N.M. Mar. 3, 2024) ("[A]n adverse inference jury instruction is used in civil proceedings when a defendant invokes his Fifth Amendment right . . . during a civil trial or hearing before a finder of fact, not when [he] has previously . . . invoke[d the] privilege . . . at another point in the civil litigation."). Defendant Lunsford invoked his Fifth Amendment right during prior depositions, and he has been granted a new trial in his state criminal proceeding. *See* Order Granting Def.'s First Am. Mot. New Trial & Req. Immediate Release, *New Mexico v. Brad Justin Lunsford*, No. D-307-CR-202301613 (3d Jud. Dist. Ct. Oct. 6, 2025). This Court, considering Defendant Lunsford's ongoing criminal proceeding, will not issue an adverse inference instruction until he invokes his Fifth Amendment right during his civil trial. *See Baxter v. Palmigiano*, 425 U.S. 308, 3118 (1976) ("[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify."). Therefore, should Defendant Lunsford invoke his Fifth Amendment right concerning questions about deleted messages at his civil trial, the Court will consider issuing an adverse inference instruction.

## II. The Court will compel further response to Plaintiffs' Request for Production No. 3 and social media release.

Plaintiffs request that this Court compel Defendant Lunsford to provide further responses to their Request for Production No. 3 (**Doc. 106-15**) and sign the social media release (**Doc. 106-16**).

Parties may obtain discovery on any nonprivileged matter that is relevant to a party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information need only appear reasonably calculated to lead to the discovery of admissible evidence. *Id.* Under Rule 37(a), a party may file a motion to compel a response to properly sought discovery. An evasive or incomplete response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4).

Under Rule 34, a party may request another party produce relevant documents or ESI in his control. The party served with this request must respond within thirty days after being served. Fed. R. Civ. P. 34(b)(2)(A). Rule 33(b)(4) provides that untimely objections to interrogatories are "waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). The Advisory Committee notes that "the procedure provided in Rule 34 is essentially the same as that in Rule 33." Fed. R. Civ. P. 34 advisory committee's note to 1970 amendment (Subdiv. (b)). Thus, courts facing this issue have concluded that untimely objections under Rule 34 are waived. *See*, *e.g.*, *Christians in Workplace Networking Grp. v. Nat'l Tech. & Eng'g Solutions of Sandia, LLC*, No. 1:22-cv-0267 DHU/DLM, 2023 WL 4865549, at *1 (D.N.M. Jul. 31, 2023) ("While Rule 34 does not contain the same explicit waiver language regarding RFPs, courts have held that such a waiver is implied.") (citation and internal quotations omitted); *Lucero v. Valdez*, 240 F.R.D. 591, 593 (D.N.M. 2007) (noting that "all objections to discovery requests must be timely or they are waived").

Here, Plaintiffs served Defendant Lunsford with their Request for Production No. 3 on February 7, 2025. **Doc. 54**. On May 6, 2025, Defendant Lunsford objected eighty-eight days after receiving Plaintiffs' request. **Doc. 94**. He sought no extension and presented no good cause for his failure to respond for eighty-eight days. Therefore, the Court finds Defendant Lunsford waived his untimely objection. *See Christians*, 2023 WL 4865549, at *2 (finding a party waived objections after failing to respond for seventy-nine days).

Since Defendant Lunsford waived his objections, the Court considers whether his response warrants further production. His written response claims he "does not possess any text messages" with LCPD officers or employees of Defendant City. **Doc. 106-15 at 3**. But he submitted text messages from three LCPD officers in response to this request. **Doc. 106-17**. This contradiction creates great concern, and the Court finds that Defendant Lunsford's response is evasive and incomplete. Further, the request states "Please produc[e] all texts, emails, or any type of electric [sic] communications between you and any other member of the City of Las Cruces Police Department or . . . the City of Las Cruces." **Doc. 105-15 at 2**. In his deposition, Defendant Lunsford testified he understood the social media platform X, formally known as Twitter, to be "a form of electronic communication." **Lunsford Dep. 1:19:00**. But Defendant Lunsford did not produce anything from his X account in response to Request for Production No. 3. In light of Defendant Lunsford's deletion of texts and complete failure to address his X account in his response to Request for Production No. 3, the Court compels the social media release (**Doc. 106-16**) limited to Defendant Lunsford's X account. Additionally, the Court orders Defendant Lunsford to supplement his Response to Plaintiffs' Request for Production No. 3 with either

undisclosed messages or an affirmation that he destroyed all requested texts except for the three provided.[2]

### III.  The Court grants reasonable costs and fees under Rule 37(e)(1).

Plaintiffs appear to move for attorneys' fees under Rule 37(b)(2)(C). **Doc. 106 at 26**. But Defendants have not disobeyed any court order for Rule 37(b) to apply. However, upon a finding of prejudice, a court may "order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Plainly read, Rule 37(e)(1) affords judges wide latitude in determining measures no greater than necessary to cure the prejudice. *See Pable v. Chicago Transit Auth.*, 145 F.4th 712, 723 (7th Cir. 2025). This wide discretion includes awarding fees and costs if the award is reasonably necessary to cure the prejudice. *Id.*

Here, Plaintiffs were prejudiced by unnecessary costs and delays associated with Defendant Lunsford's destruction of evidence. Even with an adverse inference instruction, Plaintiffs are still prejudiced by the unnecessary cost and time incurred because of Defendant Lunsford's willful destruction of evidence. Accordingly, Defendant Lunsford is ordered to pay reasonable costs and fees Plaintiffs incurred in the filing of the present Motion (**Doc. 106**).

### CONCLUSION

Based on the above discussion, the Court finds that Defendant Lunsford destroyed evidence and sanctions are warranted. The Court will issue an adverse inference instruction that Defendant Lunsford destroyed text messages, and the messages are to be presumed detrimental to his defense. Should Defendant Lunsford invoke his Fifth Amendment right at trial in response to questions about his deleted messages, the Court will consider issuing an adverse inference instruction as it

---

[2] Since the Court awards monetary sanctions for reasonable costs and attorneys' fees under Rule 37(e)(1), it will not also order payment of expenses under Rule 37(a)(5)(A). Any further payment would render the award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).

relates to his invocation of the Fifth Amendment. Defendant Lunsford is ordered to provide further responses to Plaintiffs' Request for Production No. 3, and he is ordered to release his X account pursuant to **Doc. 106-16**. Finally, Defendant Lunsford shall pay Plaintiffs' reasonable costs and fees associated with this Motion. Plaintiffs shall submit an affidavit and itemized list of fees and costs reasonably incurred in making this Motion. Defendant Lunsford shall respond once Plaintiffs file their affidavit and itemized list.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Impose Default Judgment Sanctions Against Defendant Lunsford for his Destruction of ESI and to Provide Further Responses to Plaintiffs' Request for Production No. 3. (**Doc. 106**) is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order.

        /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE