UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE
SYLVESTRE, as PERSONAL
REPRESENTATIVES of the
ESTATE OF PRESLEY EZE,
ISAAC AND LORETTA EZE, parents of PRESLEY EZE
ELENA EZE, spouse of PRESLEY EZE and
VINCENT J. WARD, as Guardian Ad Litem, of I.E.,
a minor child, of decedent Presley Eze,

    Plaintiffs,

v.                                                                No. 2:23-cv-00976-KWR-KRS

THE CITY OF LAS CRUCES and
OFFICER BRAD LUNSFORD,
in his individual capacity,

    Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO COMPEL No. II: PLAINTIFFS' RELEASES AND RESPONSES TO CITY DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

Plaintiffs respectfully submit this response addressing the status of compliance with the Court's November 10, 2025 Order [Doc. 167], the steps taken to provide the discovery at issue, and the limited issues that remain. As set forth below, Plaintiffs have complied in substantial part, and any remaining gaps are being addressed diligently and in good faith.

### I. Procedural Posture and Compliance Status

Plaintiffs served additional discovery related to City Defendants' Motion to Compel No. II on or before October 31, 2025. City Defendants were directed to report by November 7, 2025 whether issues remained. City Defendants acknowledge that Plaintiffs' supplementation resolved

several issues and that Plaintiffs fully and properly executed the requested medical and mental health releases, rendering that portion of the motion moot.

## II. Issues Resolved

1. Releases: Plaintiffs provided fully and properly executed releases; City Defendants agree this issue is resolved.
2. Paulette Eze: RFP No. 9—Paulette has not sought or received treatment and has no responsive bills; issue resolved.
3. Paulette Eze: Interrogatory No. 3—supplemented with relationship facts; issue resolved.
4. Paulette Eze: Interrogatory No. 5—scope limited by agreement to five years; supplemented release; issue resolved.
5. Isaac Eze: Interrogatory No. 5—scope limited by agreement to five years; supplemented release; issue resolved.
6. Elena Eze: RFP No. 9—no post-incident medical care; issue resolved.
7. Elena Eze: Interrogatory No. 6—supplemented with monthly support amounts and duration; issue resolved.
8. I.E.: RFP No. 10—no treatment or bills; issue resolved.

## III. Remaining Items, Efforts Undertaken, and Proposed Path Forward

**A. Computations and Supporting Materials (Estate RFP No. 14; Individual RFP No. 7; I.E. RFP No. 8)**

City Defendants contend that Plaintiffs' damage computations reference data-driven jury analytics but lack the underlying documents. The Estate disclosed a computation reflecting an estimated combined compensatory and punitive verdict range of approximately $60–$65 million, explaining it was informed by data-driven analytics from comparable verdicts. City Defendants

state no supporting documents were produced. City Defendants are mistaken. Similar computations and descriptions were provided by Paulette, Pamela, Loretta, Isaac, Elena, and I.E., with the same objection noted by City Defendants regarding supporting documents.

Plaintiffs provided the Big Data analytics in support of its computation of damages in a February 28, 2025, settlement letter marked confidential, pursuant to Rule of Evidence 408. Plaintiffs again provided this computation of damages, marked as confidential, and supplemental supporting documents provided to the mediator in this matter in preparation for the settlement conference that the Defendant City canceled abruptly via email. Defendants may have misplaced these documents. Plaintiffs believe they have complied with providing all computations of damages in their possession and the City Defendants failed to account for Plaintiffs' computation of damages because it was provided in the context of settlement negotiations, marked confidential, that were derailed by the City's Chief of Police's ratification and irrational support of Defendant Lunsford.

**B. Medical/Therapy Bills (Estate RFP No. 19; Loretta RFP No. 9; Isaac RFP No. 9)**

City Defendants state that therapy records for Isaac and Loretta were produced but did not include the costs, and that bills for the Estate's claimed injuries were not produced. With respect to Loretta and Isaac, City Defendants acknowledge confidential therapy notes and plans were produced, but assert bills were not provided.

Status and efforts: Plaintiffs have requested itemized billing statements from the relevant providers for Loretta and Isaac and will produce any bills in their possession, custody, or control promptly upon receipt, or will provide HIPAA authorizations sufficient to enable City Defendants to obtain them directly if that proves more efficient. For the Estate, Plaintiffs are conducting a diligence review to confirm whether any bills exist that relate to compensable Estate damages as

3

distinguished from survivors' grief-related counseling; to the extent any such billing records exist and are within Plaintiffs' possession, custody, or control, they will be produced, and otherwise Plaintiffs will provide authorizations. Plaintiffs propose completing this supplemental production or confirmation within [21 days] given provider response times and the need to reconcile records with produced therapy notes. City Defendants' Status Report confirms that the remaining dispute on these items is the absence of bills, not a refusal to provide them.

### C. Pamela Eze—Interrogatory No. 5

City Defendants report that Pamela did not supplement Interrogatory No. 5 and raised a late objection, asserting no grief counseling for garden-variety emotional distress and no need to provide health care provider names; City Defendants therefore consider the issue unresolved. Plaintiffs consider the issue resolved because there are no documents to provide and because Pamela only asserts garden-variety damages. Plaintiffs have always objected timely to the overburdensome nature and invasiveness of the scope of Defendant City's release and have negotiated with the Defendants to limit the scope in years to five (5) years of those family members who have consulted a therapist for grief counseling.

### IV. Legal Basis for Plaintiffs' Approach

1. Substantial compliance and mootness: City Defendants confirm resolution of multiple categories including releases and several interrogatories and requests; the motion is moot as to those issues.

2. Work product and proportionality: With respect to "data-driven jury analytics," Plaintiffs have disclosed their current computations in the context of settlement negotiations and have marked as confidential and disclosed the analytical approach employed by Plaintiffs to estimate a jury verdict in this case. City Defendants' Status Report identifies only the

absence of supporting documents as the issue; Plaintiffs' identification of supplemental documents marked as confidential accords with the Court's order and proportional discovery.

3. Possession, custody, or control; reasonable diligence: For billing records, Plaintiffs have produced therapy records already and are taking steps to obtain and produce itemized bills where they exist or, alternatively, provide authorizations to streamline retrieval. City Defendants' own report notes the production of therapy records and the present absence of bills, which Plaintiffs are now actively seeking.

## V. Requested Relief

Plaintiffs respectfully request that the Court:

1. Deny the Motion to Compel as moot in part consistent with City Defendants' acknowledgments of resolution.
2. As to remaining items:
   – Permit Plaintiffs to produce within [21 days] any available billing records for Loretta and Isaac, and any Estate-related bills, or to provide HIPAA authorizations sufficient for City Defendants to obtain them directly from providers if faster.
   – Permit Pamela to not sign a medical release.
3. Deny any request for sanctions considering Plaintiffs' substantial compliance and ongoing good-faith efforts, as reflected in City Defendants' status report.

        Respectfully Submitted,

        **THE KENNEDY LAW FIRM, P.C.**

 &nbsn;      */s/ Shannon L. Kennedy*
        Shannon L. Kennedy

Joseph P. Kennedy
P.O. Box 26776
Albuquerque, NM 87125-6776
P: 505-244-1400 / F: 505-244-1406
slk@civilrightslaw.com
jpk@civilrightslaw.com

and

**SODIPO LAW GROUP PC**

John A. Sodipo, Esq.
Attorneys and Counselors at Law
120 Oxford Street
Hartford, CT 06105
P: 860-233-2245 / F: 860-233-8436
john@sodipolg.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the day of its filing a copy of the foregoing was served on all counsel of record via the Pacer system.

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy