# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE SYLVESTRE, *as personal Representatives of the Estate of Presley Eze*,
ISAAC and LORETTA EZE, *parents of Presley Eze*,
PETE "OBI" EZE, *brother of Presley Eze*,
ELENA EZE, *spouse of Presley Eze*, and
VINCENT J. WARD, *as Guardian Ad Litem, of I.E.*,
*a minor child, of decedent Presley Eze*,

        Plaintiffs,

      v.                             No. 1:23-cv-00976-KWR-KRS

THE CITY OF LAS CRUCES and
BRAD JUSTIN LUNSFORD,
*in his individual capacity*,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY TRIAL</u>

**THIS MATTER** comes before the Court on Defendants' Motion to Stay Trial Pending the Resolution of Related Criminal Charges Brought Against Defendant Lunsford (Doc. 158). This civil matter arises from the same fatal incident for which Defendant Lunsford faces state criminal proceedings. He remains indicted and may have to face a new trial. Although Plaintiffs have an interest in the expeditious conclusion of this civil matter, Defendant Lunsford faces several burdens and Constitutional risks should this civil matter proceed to trial before the conclusion of his criminal trial. Additionally, the Court and the public have an interest in the efficient resolution of civil matters which would be furthered by ensuring that the parallel criminal matter concludes before commencing trial in this matter. Having reviewed the parties' pleadings, exhibits, and the

relevant law, the Court finds that Defendants' Motion to Stay Trial is well-taken, and therefore, is **GRANTED**.

## BACKGROUND

On November 3, 2025, Paulette Eze, Pamela Eze Sylvestre, Isaac Eze, Loretta Eza, Elena Eze, Vincent J. Ward, and Pete "Obi" Eze (collectively, "Plaintiffs") brought this action against Defendants Brad Lunsford and the City of Las Cruces. Doc. 1 (Complaint). The case arises from a fatal police encounter between Defendant Lunsford and Presley Eze that occurred on August 2, 2022. Doc. 85 ¶ 9 (Second Amended Complaint).

On December 6, 2023, Defendant Lunsford was indicted in a state criminal case on a charge of voluntary manslaughter. Doc. 38-3 (Indictment). A jury found Defendant Lunsford guilty of voluntary manslaughter on February 18, 2025, in the state criminal case. Doc. 158-2 (State Jury Verdict). On October 6, 2025, the state court granted Defendant Lunsford's motions for new trial based on procedural error and jury bias. *See* Doc. 158-4; Doc. 158-5. The prosecution appealed the grant of new trial, and the matter remains on appeal. Doc. 158-6.

In the present case, the discovery deadline has been extended until April 30, 2026, and the discovery-motions deadline is May 15, 2026. Doc. 213.

## LEGAL STANDARD

District courts have broad discretion to stay proceedings in a civil case while parallel criminal proceedings are pending. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citing *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000). The party applying for a stay must show a "clear case of hardship or inequity" if a fair probability exists that "the stay would damage another party." *Id.* (quoting *Ben Ezra*, 206 F.3d at 987). Generally, the Constitution does not require a stay of civil proceedings while parallel

criminal proceedings are ongoing, unless there exists "substantial prejudice to a party's rights." *Id.* (citations omitted). A district court "must consider the extent to which a party's Fifth Amendment rights are implicated." *Id.* (citation omitted). But a defendant does not have an absolute right to avoid being "forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (citation modified). A civil proceeding may be stayed in deference to a parallel criminal proceeding for other reasons, such as preventing the parties from gaining broader civil discovery rights or the exposure of the criminal defense strategy. *Id.* (citation omitted).

**DISCUSSION**

Defendants argue that a stay of trial is warranted until the parallel criminal case concludes. Doc. 158 at 13. Plaintiffs oppose the stay. Doc. 175 at 11.

To determine whether a stay is warranted, the Court balances the following six factors:

> (1) the extent to which the issues in the criminal case overlap with those in the civil case; (2) the status of the case, including whether defendants have been indicted; (3) the interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Urrutia v. Montoya*, Civ. No. 16-00025-MCA-SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016) (citing *Hilda M. v. Brown*, No. 10-02495, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010)). The Court addresses these factors in turn.

### 1. The extent of the overlap.

Defendants argue that there is substantial overlap between the criminal and civil matters as "both cases arise out [of] the death of Mr. Eze." Doc. 158 at 3. Plaintiffs do not dispute the overlap of the issues. Doc. 175 at 9.

The "most important factor" is "the extent to which the issues in the criminal case overlap with those presented in the civil case." *Hilda M.*, 2010 WL 5313755, at *3.

Plaintiffs bring claims arising out of an August 2, 2022 deadly police encounter between Defendant Lunsford and Mr. Eze. *See* Doc. 85. Defendant Lunsford is charged in the parallel state proceeding with voluntary manslaughter arising from the same August 2, 2022 police encounter. *See* Doc. 38-3. The Court finds significant overlap between the conduct alleged here and the criminal case. Therefore, the first, and most important, factor favors granting a stay.

### 2.  Status of the case.

Plaintiffs concede that Defendant Lunsford is indicted, but they argue that he seeks a stay to resolve post-trial appeals and a potential second trial. Doc. 175 at 9. Plaintiffs assert that Defendant Lunsford has "enjoyed the ability to testify at one criminal trial." *Id.* Defendants contend that Defendant Lunsford remains indicted and that the second factor favors a stay. The Court agrees.

The second factor considers the status of the case, particularly whether a party has been criminally charged in the state court system. *Hilda M.*, 2010 WL 5313755, at *4. The "strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Id.* (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375–76 (D.C. Cir. 1980)). The risk of "self-incrimination is greatest during this stage" and the harm to plaintiffs is reduced to do a "fairly quick resolution of the criminal case." *Id.*

Defendant Lunsford remains indicted. *See* Doc. 38-3. On October 6, 2025, the state court granted him a new criminal trial. Doc. 158-4 (Order Granting New Trial); Doc. 158-5 (Second Order Granting New Trial). Defendant Lunsford's new trial has not yet occurred as the criminal case was appealed by the State. *See* Doc. 158-6. While the prosecution's appeal and second trial

4

have impeded any "quick resolution of the criminal case," it remains crucial that Defendant Lunsford remains indicted and faces the prospect of another criminal trial. *See Hilda M.*, 2010 WL 5313755, at \*4 ("This factor weighs heavily in favor of a stay to the defendants who have been criminally charged."). Therefore, the Court finds that the second factor favors a stay.

### 3. Interests of Plaintiffs proceeding expeditiously weighed against the prejudice caused to Plaintiffs by the delay.

Defendants contend that Plaintiffs fail to show specific prejudice that will occur beyond delay. Doc. 191 at 7. Plaintiffs argue that the third factor should favor denying a stay. Doc. 175 at 9. The Court agrees.

The third factor considers the Plaintiffs' interests in an "expeditious resolution" weighed against the prejudice caused to them by a delay. *Hilda M.*, 2010 WL 5313755, at \*5.

Plaintiffs argue that they are "in need of economic resources," and thus, this factor should "weigh heavily against a stay." Doc. 175 at 9. They also contend that their interest is greatest when the requested stay is "indefinite." *Id.* The Court agrees with Plaintiffs that their interest in expeditious resolution is substantial. However, the Court notes that the stay Defendants seek is not "indefinite" since Defendants request that the civil matter be stayed until the criminal proceeding concludes. *See* Doc. 158 at 13. Defendants also argue that Plaintiffs do not face "specific prejudice" beyond delay and economic difficulty. Doc. 191 at 7. Although Plaintiffs do not allege any specific prejudice beyond delay and economic difficulty, Plaintiffs still possess a significant interest in having this matter expeditiously decided. *See* Fed. R. Civ. P. 1 (noting that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Plaintiffs direct the Court's attention to *Walbridge v. City of Oilton*, 788 F. Supp. 3d 1194, 1198 (N.D. Okla. 2025), and argue that *Walbridge* demonstrates that Plaintiffs' interests can

outweigh the status of the case. Doc. 175 at 8. The *Walbridge* Court noted that the plaintiff was 76 years old and in poor health, and therefore, based on the plaintiff's age and poor health, the third factor favored expeditious resolution in the civil case. Here, Plaintiffs are a widowed mother and her young child. Thus, Plaintiffs' interest in expeditious resolution is significant, but they do not share the same age and health related risks of not having their day in court as the plaintiff in *Walbridge*.

Plaintiffs also point to *J.O. v. Bd. of Educ. of Albuquerque Pub. Schs.*, No. 1:23-cv-01021-KG-JMR, 2024 WL 3181442, at *4 (D.N.M. June 26, 2024), to support their argument that a stay would prejudice them. Doc. 175 at 8. In *J.O.*, the civil defendant, whose criminal case had been dismissed, essentially sought a "stay of indefinite duration." 2024 WL 3181442, at *4. Here, a stay would not be of "indefinite duration" because the criminal case is proceeding through the appellate process and the order for a new trial remains. The criminal case against Defendant Lunsford has not been dismissed like the *J.O.* civil defendant. *See id.* at *2–4. The *J.O.* Court considered the stay "indefinite" because the stay would have been in place "to see if any criminal charges [would] be filed." *Id.* at *4. Thus, the Court finds that *J.O.* is inapposite and the third factor favors a stay.

### 4. Private interests of and burden to Defendant Lunsford.

Defendants argue that Defendant Lunsford faces significant prejudice as he must choose between defending his conduct in a civil matter and protecting himself against disclosures that could be used against him in the criminal proceedings. Doc. 158 at 11. Plaintiffs argue that Defendant Lunsford suffers no adverse consequences from invoking his Fifth Amendment right because he will be indemnified. Doc. 175 at 9. The Court disagrees.

6

Defendant Lunsford's interests center around "avoiding the quandary of choosing between waiving [his] Fifth Amendment rights or effectively forfeiting the civil case." *Hilda M.*, 2010 WL 5313755, at \*5 (quoting *Trs. of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995)).

Here, Defendant Lunsford faces the exact quandary of choosing between waiving his Fifth Amendment rights "or effectively forfeiting the civil case." *Transworld Mech., Inc.*, 886 F. Supp. at 1140. Defendant Lunsford is entitled to assert his Fifth Amendment privilege, but he may have to accept the negative consequences, such as an adverse inference. *Mitchell v. United States*, 526 U.S. 314, 328 (1999). He did not waive his Fifth Amendment right and refused to answer certain questions during discovery. Doc. 158-3 at 3. Plaintiffs' argument that Defendant Lunsford faces no adverse consequences because he is indemnified overlooks the burden on his Fifth Amendment right and the risk of prejudice that would befall him if the civil matter were to proceed to trial before his criminal matter. *See* Doc. 175 at 9.

The burden to Defendant Lunsford, if this civil case were to conclude adversely prior to the conclusion of his criminal case, would be severe. In a § 1983 case for wrongful death, as is the case here, a verdict against Defendant Lunsford "would be tantamount to finding that [he] killed [Mr. Eze] without cause." *See Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986). Further, his right to "a fair trial by a panel of impartial, 'indifferent' jurors" is also implicated. *See Irvin v. Dowd*, 366 U.S. 717, 722 (1961) (citation omitted). Given the media attention that this case has already received, *see* Doc. 191 at 9 n.1, such a finding would exacerbate the quandary that Defendant Lunsford already faces. *See Daniels v. Woodford*, 428 F.3d 1181, 1210 (9th Cir. 2005) (noting that prejudicial pretrial publicity implicates a criminal defendant's right to a fair trial). Therefore, the Court finds that the fourth factor heavily favors a stay.

### 5.  Interests of the Court and the public.

Plaintiffs contend that the Court has an interest in efficient resolution of the matters before it and that the public has an interest in the judicial determination of law enforcement's use of deadly force. Doc. 175 at 10. Defendants argue that the interests of the Court and public favor staying the trial. The Court agrees.

The Court considers the fifth and sixth factors together. The Court has a "strong interest in keeping litigation moving to conclusion without unnecessary delay." *Hilda M.*, 2010 WL 5313755, at *6. However, courts also have a strong interest in judicial efficiency and resolution in the criminal matter may increase the possibility of settlement in the civil matter. *Id.* (citing *Transworld Mech., Inc.*, 886 F. Supp. at 1140). Although the public also has an interest in expedient judicial determinations, due to the "overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here." *Id.*

Here, as both parties note, the Court has an interest in the efficient and just resolution of cases before it. Doc. 175 at 10; Doc. 191 at 10. The dispute centers on the proper course of action that leads to the efficient and just resolution of the matter. Considering the issues that may arise from allowing the civil matter to proceed before the conclusion of the criminal matter, the Court finds that avoiding the creation of legal issues that may create further expense is in the interests of the Court and the public. *See Urrutia*, 2016 WL 9777168, at *4 ("[T]he Court and the public also have an interest in not needlessly expending resources on thorny legal issues that might be avoided through a temporary limited stay of discovery."). Additionally, the resolution of the criminal case may increase the possibility of settlement in this civil matter. *See Hilda M.*, 2010 WL 5313755, at *6. Given the overlapping issues in these cases, Plaintiffs' concern that the public has a great interest in the judicial determination of the legality of law enforcement's use of deadly force will

likewise be addressed by the resolution of the criminal matter. *See Hilda M.*, 2010 WL 5313755, at \*6 (finding that because "the overlapping issues . . . the criminal prosecution will serve to advance the public interests at stake"). Even if the criminal matter does not satisfy Plaintiffs' view of furthering the public interest, they may continue to pursue such interests at the conclusion of the criminal matter. Accordingly, the fifth and sixth factors favor a stay.

Accordingly, the Court finds that the factors favor a stay of trial. Defendants do not request a stay of the entire proceeding or discovery. They only request a stay of trial in this civil matter. As the discovery deadlines are approaching quickly, the Court will allow discovery to continue and conclude—as Defendants do not request a stay of discovery—but the Court will stay the matter from proceeding to trial before the criminal matter concludes.

### CONCLUSION

In sum, the Court finds that the *Hilda M.* factors favor a stay of the civil trial until the conclusion of the criminal matter. Defendants do not request a complete stay of the case, only a stay of trial. Although the civil trial should not proceed before the criminal trial, a complete stay of the civil case is not warranted or requested by Defendants.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Trial (Doc. 158) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that, upon the conclusion of discovery, this matter is stayed provided that Defendant Lunsford has not been convicted or acquitted in the state criminal matter. If the state criminal charges are dropped, the stay shall lift immediately. If Defendant Lunsford is convicted or acquitted, the stay shall lift immediately.

**IT IS FINALLY ORDERED** that Defendants shall provide the Court with a status report detailing the timeline of the likely conclusion of the criminal matter every 60 days. When the criminal matter concludes, the parties shall immediately notify the Court.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE