## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PAULETTE EZE and PAMELA EZE SYLVESTRE, *as personal Representatives of the Estate of Presley Eze*,
ISAAC and LORETTA EZE, *parents of Presley Eze*,
PETE "OBI" EZE, *brother of Presley Eze*,
ELENA EZE, *spouse of Presley Eze*, and
VINCENT J. WARD, *as Guardian Ad Litem, of I.E.*,
*a minor child, of decedent Presley Eze*,

        Plaintiffs,

        v.                                No. 1:23-cv-00976-KWR-KRS

THE CITY OF LAS CRUCES and
BRAD JUSTIN LUNSFORD,
*in his individual capacity*,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUESTED FEES</u>

**THIS MATTER** comes before the Court on Plaintiffs' Itemized List and Affidavits in Support of Attorneys' Fees and Costs (Doc. 173) pursuant to the Court's order. *See* Doc. 148 at 16 (Memorandum Opinion and Order). Having reviewed the parties' briefing, exhibits, and the relevant law, the Court finds that amount of requested fees is well-taken in part, and therefore, is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case arises out of a fatal altercation between Defendant Brad Lunsford, former Las Cruces Police officer, and Presley Eze, the decedent. Doc. 85 at 7–10 (Second Amended Complaint). On October 20, 2025, the Court found that Defendant Lunsford destroyed evidence and sanctions were warranted. Doc. 148 at 16. The Court directed Plaintiffs to "submit an affidavit

and itemized list of fees and costs reasonably incurred in making [the motion for sanctions]." *Id.* at 17.

On November 19, 2025, Plaintiffs submitted a motion detailing their fee request, itemized lists, and affidavits. *See* Doc. 173 at 1 (Fee Motion). On December 3, 2025, Defendants' responded and objected to nearly all of Plaintiffs' fee calculation. Doc. 188 at 1 (Response). On December 24, 2024, Plaintiffs replied. Doc. 200 (Reply).

## DISCUSSION

Plaintiffs initially claim 54.9 hours of work at $700.00 per hour, a 20% multiplier, and gross receipts tax totaling $49,632.34.[1] Doc. 173 at 8, 12. Defendants object to Plaintiffs' proposed hourly rate of $700.00 per hour, every submitted time entry, and the requested 20% multiplier. Doc. 188 at 2. The Court considers Plaintiffs' requested lodestar, multiplier award, and gross receipts tax calculation in turn.

I.    **The Court finds that the reasonable lodestar amount is $20,515.00.**

Defendants object to Plaintiffs' lodestar calculation based on the hourly fee rate and time entries submitted. Doc. 188 at 2. Defendants claim that Plaintiffs present overstated or inaccurate amounts, and the requested amount should be denied or reduced to $7,200.00. *Id.* The Court agrees that a reduction is warranted.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2]

---

[1] Plaintiffs seek approval of $155.00 for their paralegal work, but that work has not been charged here. Because this fee award is narrowly associated with the destruction of ESI and paralegal time has not been billed, the Court will not address the request.

[2] The Court authorized this fee award pursuant to Federal Rule of Civil Procedure ("Rule") 37(e)(1) given that Defendant Lunsford's destruction of evidence produced unnecessary costs and delays. Doc. 148 at 16. Rule 37(e)(1) affords the Court discretion to award fees to the extent "necessary to cure the prejudice." *See Pable v. Chicago Transit Authority*, 145 F.4th 712, 723 (7th

*Valdez v. Macdonald*, 66 F.4th 796, 836 (10th Cir. 2023). This calculation is known as the "lodestar." *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

The Court addresses the hourly rate and hours expended in turn.

**A.  The Court finds that $550.00 per hour is a reasonable hourly rate.**

Plaintiffs initially requested approval of an hourly rate of $700.00 per hour for counsel and $155.00 for their paralegals. Doc. 173 at 8. Defendants contend that $550.00 per hour is a high rate, but not unreasonable for Plaintiffs' attorneys. Doc. 188 at 7. Plaintiffs accept Defendants' rate proposal of $550.00 per hour. Doc. 200 at 4. Based on the parties' exhibits, the Court finds $550.00 per hour to be a reasonable hourly rate for Plaintiffs' counsel. The Court limits the reasonableness of $550.00 per hour to this sanctions award, and the reasoning shall not automatically extend to the remainder of the case.

To determine a reasonable hourly rate, district courts consider the "prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community" including a lawyer's "experience in civil rights or analogous litigation." *Valdez*, 66 F.4th at 836 (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1224–25 (10th Cir. 2006)).

Here, both parties have agreed that a proposed hourly rate of $550.00 per hour for Plaintiffs' counsel would not be unreasonable. *See* Doc. 188 at 7; Doc. 200 at 4. Plaintiffs have submitted three affidavits from local counsel that attest to market rates for attorneys with the experience and success of Plaintiffs' counsel falling between the ranges of $400.00 to $750.00 per

---

Cir. 2025) ("Read naturally, this permits the district court to award fees and costs so long as the award is reasonably necessary to cure the prejudice."). Thus, the Court will consider whether the requested fees are reasonable and the extent to which the requested fees are "necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).

hour, Doc. 173-3 ¶ 21 (McGinn Aff.), $400.00 to $800.00 per hour, Doc. 173-4 ¶ 12 (Hart Aff.), and $350.00 to $750.00 per hour, Doc. 173-5 ¶ 6d (Howard Aff.). The average of these three ranges is $575.00 per hour.[3] The proposed rate of $550.00 per hour falls just below the affiants' average.

Although an hourly rate of $550.00 appears to be near the highest end of hourly rates for experienced and successful civil rights attorneys in New Mexico, the Court finds that this hourly rate is justified in this particular case. In 2011, a court in this district found that "rates of $310 per hour for attorney Joseph P. Kennedy and $295 per hour for attorney Shannon L[.] Kennedy are reasonable given their education, experience, the nature of the case, and the prevailing market rates for legal services in Albuquerque, New Mexico." *Storey v. Garcia*, No. 08-207 JH/LM, 2011 WL 13168453, at *2 (D.N.M. Sep. 1, 2011). Currently, Plaintiffs' counsel both possess over three decades of experience and have amassed a collection of several complex civil rights cases in which they have secured favorable outcomes. *See* Doc. 173-1 at 1–2 (Shannon Kennedy Aff.); Doc. 173-2 at 1–2 (Joseph Kennedy Aff.). This case has garnered wide public interest and has been very litigious. Taking into account inflation, the nature of the case, and Plaintiffs' counsels' accumulated experience and success over the past fifteen years, the Court finds that an hourly rate of $550.00 for both attorneys is reasonable for the purposes of this fee award.[4]

---

[3] In 2018, a court in this district noted that "the hourly rates for some of the top civil rights attorneys in New Mexico are now over $400.00 per hour." *O Centro Espirita Beneficente União Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1067 (D.N.M. 2018) (Browning, J.). Adjusting the $400.00 per hour figure for inflation supports the affiants' sentiments that many top civil rights attorneys in New Mexico charge rates near $500.00 per hour.

[4] $310.00 in September 2011 has the same buying power as $457.88 in May 2026. *See CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last accessed July 1, 2026). However, the attorneys' accumulated experience, accolades, and favorable case outcomes must also be accounted for. *See Valdez*, 66 F.4th at 836. The record demonstrates that Plaintiffs' counsel have gained substantial experience and secured several high-profile, civil rights victories in the past fifteen years. *See* Doc. 173-1 at 1–2; Doc. 173-2 at 1–2.

**B.  The Court finds that a reduction in hours billed is warranted.**

Defendants object to every billable entry submitted by Plaintiffs. *See* Doc. 188 at 13–15. Plaintiffs contend that the entries they submitted were reasonably necessary to craft their sanctions motion (Doc. 106) and Defendants' proposed exclusions should be rejected. Doc. 200 at 5. The Court agrees in part and disagrees in part.

When evaluating whether the number of hours expended on the litigation was reasonable, district courts consider "whether the attorney's hours were 'necessary' under the circumstances." *Valdez*, 66 F.4th at 836 (quoting *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998)). The attorneys "must exercise 'billing judgment' and 'should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If "the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* (quoting *Hensley*, 461 U.S. at 433)). "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination" to provide for adequate appellate review. *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010)).

Defendants' objections to Plaintiffs' billing can be categorized in three stages: (1) the pre-motion stage; (2) the motion stage; and (3) the post-motion stage. *See* Doc. 188 at 13–14. The Court addresses the objections associated with each stage in turn.

**1.  Pre-motion stage objections.**

Defendants dispute the following time entries that took place before the drafting of the motion. *Id.* at 13. Plaintiffs contend that several of these entries were reasonably necessary to develop the record for the motion. Doc. 200 at 5. The Court agrees in part.

5

| Date | Description | Hours | Objection Reason |
|---|---|---|---|
| 2/7/2025 | Drafting RFP No. 3 based on texting between Chief Story and BL during criminal trial | 0.80 | Unrelated: Pre-deletion response (May 6, 2025); RFP drafting not caused by spoliation. Reduce to 0. |
| 3/5/2025 | Agreed to extension until 3/25 for BL to answer RFP No. 3 | 0.20 | Unrelated: Routine discovery extension pre-spoliation revelation. Reduce to 0. |
| 3/7/2025 | Depo prep questions for Chief Story re: texts with BL and BL's social media account | 0.30 | Partially unrelated: Social media not core to text spoliation; excessive for prep. Reduce 50% to 0.15. |
| 5/6/2025 | Reviewing DL's Response to RFP No. 3, to craft motion for sanctions and prep BL Depo questions | 1.20 | Related but vague: No breakdown; block-billed with depo prep. Reduce 25% to 0.90. |
| 5/6/2025 | Prepping more depo questions for BL to lay foundation for sanctions | 0.80 | Duplicative: Overlaps with prior entry; depo prep excessive pre-motion. Reduce 50% to 0.40. |
| 5/6/2025 | Research on BLs social media accounts | 0.50 | Unrelated: Social media posts not ESI texts sanctioned in [Doc. 148]. Reduce to 0. |
| 5/7/2025 | Legal research on sanctions for destruction of ESI to prep BL questions | 1.40 | Related but excessive: Vague topic; 1.4 hours for depo questions excessive. Reduce 30% to 0.98. |

Doc. 188 at 13.

Defendants dispute Plaintiffs' 0.8 hour bill for drafting RFP No. 3. *Id.* Defendants also dispute the 0.2 hours billed for agreeing to extend Defendant Lunsford's response time. *Id.* Defendants claim that drafting RFP No. 3 and the extension were not "caused by spoliation" and are unrelated. *Id.* The Court agrees. Defendant Lunsford's response to RFP No. 3 revealed that he "deleted his text messages." Doc. 106, ¶ 90, Ex. 16 (Defendant Lunsford's Responses to Second RFPs). This was not a cost incurred in the making of the motion, but rather it was discovery that created the need to make the motion. Against the backdrop of Rule 37(e)(1), fees that are not "necessary to cure the prejudice" are not warranted. Therefore, the Court will reduce the cumulative 1.0 hour billed to 0.

Defendants object to the following time entry that bills 0.3 hours for "[d]epo prep questions for Chief Story re: texts with BL and BL's social media account." Doc. 188 at 13. Defendants claim

that Defendant Lunsford's social media is not relevant to the sanctions award. *Id.* The Court agrees. Since this time entry does not separate the time spent preparing questions about deleted texts and Defendant Lunsford's social media, the Court will reduce the requested amount from 0.3 hours to 0.15 hours.

Plaintiffs' counsel bill 1.2 hours for "reviewing DL's Response to RFP No. 3, to craft motion for sanctions and prep BL Depo questions." Doc. 173-1 at 14. Defendants argue that his entry is vague and should be reduced by 25%. Doc. 188 at 13. The Court disagrees. Although the time entry does not separate the time spent reviewing the RFP response from the prep for Defendant Lunsford's deposition questions, an hour and twelve minutes would not be an unreasonable amount of time for either task. Moreover, it is reasonable for an attorney to complete either task, and this entry does not create the concern that billed time may have been unreasonably spent. The Court will not reduce the 1.2 hours billed for this entry.

Plaintiffs' counsel bill 0.8 hours for "prepping more depo questions for BL to lay foundation for sanctions." Doc. 173-1 at 14. Defendant claims that this entry is duplicative of the last and requests that the Court reduce the entry to 0.4 hours. Doc. 188 at 13. This time entry may be additional preparation—evidenced by the word "more"—but it is not duplicative. Given the serious nature of the questions being prepared, the Court finds that a total of two hours being spent reviewing the RFP response and preparing deposition questions is not unreasonable. Thus, the Court will not reduce the 0.8 hours.

Defendants dispute Plaintiffs' next time entry for "[r]esearch on BLs social media accounts." *Id.* at 13. Defendants claim that the entry is unrelated to the sanctioned conduct and should be reduced to zero. *Id.* The Court agrees. The sanctioned conduct was Defendant Lunsford's deletion of his text messages, not his social media. Doc. 148 at 16. Once again, this fee award takes

place pursuant to Rule 37(e)(1) which only allows for sanctions to the extent "necessary to cure the prejudice." The Court will not award fees for tasks not caused by the sanctioned conduct. Therefore, the Court will reduce the 0.5 hours to 0.00 hours.

Defendants object to the 1.4 hours billed for "[l]egal research on sanctions for destruction of ESI to prep BL questions." Doc. 188 at 13. Defendants contend that this is excessive and vague. *Id.* The Court disagrees. Destruction of ESI does not occur routinely, and it is reasonable for an attorney to briefly research possible sanctions for such conduct. The Court finds that it was reasonably necessary for Plaintiffs' counsel to spend 1.4 hours researching sanctions for destruction of ESI in preparation of deposing Defendant Lunsford. Furthermore, this research was necessitated by the sanctioned conduct. Thus, the Court will not reduce the requested 1.4 hours.

At this stage, the Court finds that the reasonable hours needed to respond to Defendant Lunsford's conduct amounts to 3.55 hours.

### 2. Motion stage objections.

Defendants primarily object to the amount of time Plaintiffs' counsel spent drafting and editing the motion. *See id.* at 13–14. Additionally, Defendants contend that several of these entries are improperly vague and block billed. *Id.* The Court agrees.

Defendants object to the following entries submitted by Plaintiffs:

| 5/7/2025 | 1st draft for P 2nd MTC | 3.20 | Excessive: First draft too long for sanctions motion; block-billed. Reduce 40% to 1.92. |
|---|---|---|---|
| 5/8/2025 | 2nd draft of P 2nd MTC | 1.20 | Duplicative: Sequential drafts indicate inefficiency; excessive revisions. Reduce 50% to 0.60. |
| 5/9/2025 | Portion of BL deposition on destructions of texts and social media | 1.00 | Partially unrelated: Social media portion not sanctioned; depo time not "making" motion. Reduce 50% to 0.50. |
| 5/22/2025 | 3rd draft of P 2nd MTC | 4.10 | Excessive/Duplicative: 4.1 hours for third draft unreasonable; cumulative drafting time (8.5+ hours already) bloated.  All draft review could have been performed by an associate attorney and/or skilled paralegal. Reduce 50% to 2.1. |
| 5/28/2025 | Reading Dr. Williams affidavit to add as Ex to P 2nd MTC | 0.80 | Unrelated: Affidavit on costs? Not core to ESI spoliation. Reduce to 0. |
| 6/4/2025 | 4th draft, 5th draft & 6th draft, 7th draft, 8th draft of P 2nd | 1.80 | Excessive/Duplicative/Block-billed: Lumped multiple drafts/exhibits; 8 drafts total |

| Date | Description | Hours | Objection Reason |
|---|---|---|---|
| | MTC; legal writing on spoliation and sanctions; working on exhibits | | unreasonable for 28-page motion. All draft review could have been performed by an associate attorney and/or skilled paralegal. Reduce 70% to 0.54. |
| 6/4/2025 | Same as above | 4.20 | Same objection: Reduce 70% to 1.26. |
| 6/4/2025 | Same as above | 1.50 | Same objection: Reduce 70% to 0.45. |
| 6/5/2025 | Editing and drafting 9th, 10th, and 11th drafts more legal research on default as remedy for destruction of ESI | 1.90 | Excessive/Block-billed: 11 drafts total excessive; research duplicative of 5/7. All draft review could have been performed by an associate attorney and/or skilled paralegal. Reduce 75% to 0.48. |
| 6/5/2025 | Same as above | 1.10 | Same objection: Reduce 75% to 0.28. |
| 6/5/2025 | Same as above | 0.20 | Same objection: Reduce 75% to 0.05. |
| 6/6/2025 | Editing intro and editing final drafts | 2.70 | Excessive: Final edits after 11 drafts; block-billed. All draft review could have been performed by an associate attorney and/or skilled paralegal. Reduce 60% to 1.08. |
| 6/6/2025 | Editing intro and editing final drafts 2.7 hours and 0.5 hours | 0.50 | Duplicative: Overlaps prior entry. All draft review could have been performed by an associate attorney and/or skilled paralegal. Reduce to 0. |
| 6/24/2025 | Reading D's Response [Doc. 113] taking notes for Reply | 2.40 | Unrelated: Reply (Doc. 118) post-Doc. 106 filing; not "making" motion. Reduce to 0. |
| 7/9/2025 | Creating Outline for Reply and Starting Draft Reply | 1.40 | Unrelated: Reply work. Reduce to 0. |
| 7/22/2025 | Editing draft of Reply | 1.20 | Unrelated: Reply work. Reduce to 0. |
| 8/13/2025 | Supplementing record with evidence of spoliation of video on Eze's cell phone | 1.80 | Unrelated: Video/IPRA spoliation not sanctioned in [Doc. 148] (texts only). Reduce to 0. |

*Id.* at 13–14. Defendants also object to the following hours billed by counsel Joseph Kennedy during this stage.

| Date | Description | Hours | Objection Reason |
|---|---|---|---|
| 7/21/2025 | Read Lunsford's response to motion for sanctions | 2.00 | Unrelated: Reply prep post-Doc. 106. Reduce to 0. |
| 7/22/2025 | Read deposition transcripts... research... incorporate Browder... draft and edit reply | 8.50 | Unrelated/Excessive: Reply work; 8.5 hours for editing excessive. Reduce to 0. |

*Id.* at 15.

10

Plaintiffs' counsel bill 3.2 and 1.2 hours for the first and second drafts respectively. *Id.* at 13. Defendants contend that these entries are excessive, duplicative, and block-billed. *Id.* The Court finds that the first two entries are not unreasonably excessive, duplicative, or block billed. Spending 3.2 hours to draft a twenty-eight page motion is not unreasonable or excessive; neither is spending 1.2 hours on a second draft. Neither of the time entries are block billed. Block billing "consists of attorneys recording large blocks of time for tasks without separating the tasks into individual blocks or elaborating on the amount of time each task took." *Flying J Inc. v. Comdata Network, Inc.*, 322 F. App'x 610, 617 (10th Cir. 2009); *accord Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000) (defining block billing as "lumping multiple tasks into a single entry of time"). The entries separately discuss the first and second drafts. Thus, the Court will not reduce the first and second entries totaling 4.4 hours.

Defendants dispute the bill for deposing Defendant Lunsford about his social media given that the social media portion was not sanctioned. Doc. 188 at 13. Given that this fee award is predicated on Rule 37(e)(1), the Court finds that the fee award may be "no greater than necessary to cure the prejudice." The Court found that unnecessary costs and time were incurred due to "Defendant Lunsford's willful destruction of evidence," and thus, billing for unrelated time expenditures would be a greater amount than necessary. Therefore, the Court will reduce the May 9, 2025, deposition bill from 1.0 to 0.5 hours.

Defendants dispute the 4.1 hour bill for the third draft of Plaintiffs' motion. *Id.* at 13. Defendants contend that this entry is excessive and duplicative. *Id.* The time entry states: "3rd draft of P 2nd MTC." Doc. 173-1 at 13 (Shannon Kennedy Hours Report). Plaintiffs bear the burden to demonstrate the fee's reasonableness and that requires "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'"

11

*Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Plaintiffs' second draft took 1.2 hours, and no explanation is offered as to why a third draft took just over three-and-a-half times as long as the second draft. Due to the vague time entry, the Court cannot confirm the reasonableness of billing about three-and-a-half times the amount as the prior draft. Therefore, the Court will reduce the entry from 4.1 to 2.05.

Plaintiffs' counsel billed 0.80 hours for "[r]eading Dr. Williams affidavit to add as Ex to [motion]." Doc. 173-1 at 13. Defendants dispute this bill as unrelated. Doc. 188 at 13. The Court agrees that it is unrelated. The Court is directed to consider whether the hours were "necessary under the circumstances." *Valdez*, 66 F.4th at 836 (citation modified). Plaintiffs' motion cited to this affidavit twice over twenty-eight pages, and the use of this affidavit was not necessary to the portion discussing destruction of ESI. Thus, the Court reduces the 0.8 hours billed to 0.

The remaining entries that discuss Plaintiffs' numerous drafts and series of edits run afoul of block billing and are unreasonably vague entries. The three entries dated June 4, 2025, cumulatively bill 7.5 hours for "4th draft, 5th draft & 6th draft, 7th draft, 8th draft of P 2nd MTC; legal writing & research for P 2nd MTC; working on exhibits and citations to exhibits for P." Doc. 173-1 at 14. This block billing makes it difficult, if not impossible, for the Court to determine the reasonableness of each entry, the amount of time spent on each draft, the difference between drafting and "legal writing," the amount of time spent on research, and the amount of time spent working on citations and exhibits. The entries give the Court no basis to determine the reasonableness or necessity of a fourth, fifth, sixth, seventh, or eighth draft. Moreover, the Court cannot determined whether a reasonable amount of time was spent working on exhibits, citations, or research. Therefore, the Court will reduce the total of the three entries from 7.5 hours to 3.75 hours.

The next three entries must be reduced for the same reason as the previous three. The next three entries, dated June 5, 2025, are for "editing and drafting 9th, 10th , and 11th drafts more legal research on default as remedy for destruction of ESI." The three entries cumulatively bill for 3.2 hours. Again, because the entries do not separate time spent between editing, drafting, researching, or which drafts were being worked on, the Court cannot determine the reasonableness or necessity of a ninth, tenth, eleventh draft, or any of the other tasks. *See Flying J Inc.*, 322 F. App'x at 617 (citing *Robinson*, 160 F.3d at 1284) ("Use of [block billing] may be strong evidence that a claimed amount of fees is excessive."). Therefore, the Court will reduce the cumulative total for the three entries from 3.2 to 1.6 hours.

Defendants object to Plaintiffs' next two entries as excessive and duplicative. Doc. 188 at 14. The entries bill for "editing intro and editing final drafts" for a total of 3.2 hours. Doc. 173-1 at 14. Given that these entries specifically bill for "editing intro," which prior entries did not bill for, a lesser reduction is warranted. But the Court still cannot glean the reasonableness or necessity of spending further time "editing final drafts" since Plaintiffs' counsel had already gone through eleven drafts. Due to the excessive editing, the Court will reduce the cumulative 3.2 hours to 2.0 hours.

The next three entries detail Plaintiffs' reading of Defendants' response, the outlining of their reply, and drafting and editing the reply. *See id.* at 14. Defendants contend that these three entries are all unrelated given that they are "not 'making' the motion" and should be reduced to 0.00 hours. Doc. 188 at 14. The first entry bills for "[r]eading D's Response [Doc. 113] taking notes for Reply." *Id.* Drafting a reply is a reasonable part of making a motion, and the Court directed Plaintiffs to provide fees that they "incurred in the filing of [their motion.]" Doc. 148 at 16. Reading an opposing party's response is a necessary part of drafting a reply. The Court finds

that the 2.4 hours billed for this task is not unreasonable. The second entry bills for "[c]reating Outline for Reply and Starting Draft Reply." Doc. 173-1 at 14. While the Court cannot discern how much time was spent on the separate tasks of creating an outline and starting to draft, the total amount billed for these tasks, 1.4 hours, would not be unreasonable for either task alone. Therefore, the Court will not reduce the requested amount. Finally, the third entry bills 1.2 hours for the sole task of "Editing draft of reply." *Id.* The Court finds that 1.2 hours for the task of editing a reply is not unreasonable and does not warrant a reduction. The Court will not reduce the 5.0 hours billed for these tasks regarding Plaintiffs' reply.

Plaintiffs' counsel requests further fees for reply work done by Joseph Kennedy. Doc. 173-2 at 4 (Joseph Kennedy Hours Report). Defendants object to Joseph Kennedy's entries as unrelated and excessive. Doc. 188 at 15. The Court agrees in part. The first entry bills 2.0 hours for "[r]ead[ing] Lunsford's response to motion for sanctions." Doc. 173-2 at 4. Defendants only contend that this entry is unrelated as it consists of reply work. Doc. 188 at 15. The Court will not reduce these hours given that a reply is reasonably related to making a motion.

The Court will reduce the 8.50 hour entry that is block billed. That entry is for the following tasks: "read deposition transcripts (Story/Bradley) related to IPRA and notice of need to preserve evidence; research and read caselaw on preservation of evidence; incorporate Browder into reply; draft and edit reply." Doc. 173-2 at 4. Based on this blocked-billed entry, the Court cannot discern whether 8.5 hours is a reasonable amount of time to spend on these tasks. The Tenth Circuit has noted that "reading background material designed to familiarize the attorney with the area of law would normally be absorbed into a firm's overhead" and that attempting to charge an adversary with such time is "presumptively unreasonable." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1253 (10th Cir. 1998). The time entry does not specify how long counsel spent on "research

14

and reading case law on preservation of evidence." Doc. 173-2 at 4. Although the research on preservation was caused by Defendant Lunsford's actions, the Court cannot determine whether the amount of time spent researching was reasonable, given the block billing, unlike the prior reasonable research time of 1.4 hours. *See* Doc. 173-1 at 13. The Court should not be left to guess as to whether the amount of unspecified time spent on research is reasonable. The same issue arises given that the entry bills for "draft[ing] and edit[ing the] reply." Doc. 173-2 at 4. Given that cocounsel already billed for editing the reply, *see* Doc. 173-1 at 14, the Court cannot discern from the block-billed entry whether the amount of time spent editing a six-page reply was reasonable. Since Plaintiffs' time entry does not demonstrate that the amount of time spent on each task was reasonable or necessary, the Court will reduce the 8.5 hours to 4.25 hours.

Finally, Plaintiffs' counsel bills 1.8 hours for "[s]upplementing record with evidence of spoliation of video on Eze's cell phone." *Id.* at 14. This activity was billed three weeks after Plaintiffs submitted their reply brief. *See* Doc. 118; Doc. 123 (Plaintiffs' Supplemental Facts). Further, this supplementation is not related to the sanctioned behavior of Defendant Lunsford. *See* Doc. 123 at 1–4. This supplementation was not the product of Defendant Lunsford's destruction of evidence nor was it related to making the motion at issue. Although Plaintiffs' claim that the exhibits support Plaintiffs' Motion to Impose Default Judgment Sanctions (Doc. 106), the supplementation really supported tangential discovery disputes. *See id.* at 1. Given that this supplementation is unrelated to the sanction at issue, the Court reduces the 1.8 hours billed to 0.

Accordingly, the Court finds that the reasonable hours incurred due to the sanctioned conduct for this stage totals 25.55 hours.

### 3. Post-motion stage objections.

The final group of billable entries that Defendants object to concern those made after the Court's sanctions order (Doc. 148). Doc. 188 at 14. Defendants contend that these entries are not related to making the motion at issue. *Id.* Plaintiffs contend that the time spent on their fee application "should be allowed as necessary to bring the issue before the Court." Doc. 200 at 5. The Court agrees.

The following time entries are disputed by Defendants:

| | | | |
|---|---|---|---|
| 10/20/2025 | Reading Court's Order and Opinion [Doc. 148] and making notes to enforce | 0.70 | Unrelated: Post-order enforcement not motion-making. Reduce to 0. |
| 11/17/2025 | Drafting Motion for Attorneys Fees and Costs | 1.20 | Unrelated: "Fees on fees" not authorized (*Glass*, 849 F.2d at 1266). Reduce to 0. |
| 11/18/2025 | Editing Draft of Motion for Attorneys Fees and Costs and Creating Exhibits | 2.60 | Unrelated: Same as above. Reduce to 0. |
| 11/19/2025 | Drafting Motion for Attorneys Fees and Costs | 3.20 | Unrelated: Same as above. Reduce to 0. |

| Date | Description | Hours | Objection Reason |
|---|---|---|---|
| 11/19/2025 | Editing Affidavits | 0.50 | Unrelated: Same as above. Reduce to 0. |

Doc. 188 at 14–15.

Defendants argue that each entry after making the motion for sanctions should be reduced to zero because they are unrelated and not involved in "motion-making." *Id.* However, the Court prefaced this sanctions award on prejudice arising under Rule 37(e)(1) which grants the Court authority to craft a sanction "necessary to cure the prejudice." Given that the Court instructed Plaintiffs to submit an itemized list and affidavit because of Defendant Lunsford's destruction of ESI, the work associated with submitting the fee petition is necessary to cure the prejudice. Defendants' argument that these entries are "unrelated" is not persuasive given that the Court's

receipt of a fee petition was made necessary by the sanctioned behavior.[5] Defendants do not argue that the hours proposed are otherwise unreasonable. Therefore, the Court will not reduce the cumulative amount of 8.2 hours.

In sum, the Court finds that the total amount of hours reasonably incurred as a result of the sanctioned conduct is 37.3 hours. At a rate of $550.00 per hour, without any multiplier or tax applied, Plaintiffs are entitled to an award of $20,515.00 for the work reasonably done in response to Defendant Lunsford's destruction of ESI.

## II.     **The Court finds that a multiplier is not warranted.**

Plaintiffs seek a multiplier award of 20% of the requested fees. Doc. 173 at 11–12. Defendants oppose the fee multiplier and argue that nothing warrants application of a multiplier or enhancement. Doc. 188 at 15–16. For several reasons, the Court agrees.

Plaintiffs suggest that "a multiplier sanction will deter Defendant Lunsford from further evidence destruction and social media online attacks." Doc. 173 at 11. This argument fails for two reasons. This fee award was granted pursuant to Rule 37(e)(1) which provides the Court with discretion to craft a sanction to the extent "necessary to cure the prejudice." This fee award is limited to the amount "necessary to cure the prejudice" caused by Defendant Lunsford's destruction of text messages; it is not punitive. Additionally, the sanctions award was predicated

---

[5] Defendants, citing *Glass v. Pfeffer*, 849 F.2d 1261, 1266 (10th Cir. 1988), also put forth the argument that "fees on fees" are not authorized. *See* Doc. 188 at 14. However, *Glass* does not stand for the proposition that fees on fees are not authorized; the Tenth Circuit in *Glass* stated that a party who defends an earlier fee award "should not always be entitled to additional attorney's fees for defending, at a due process hearing." 849 F.2d at 1266. The Tenth Circuit has held that an "award of reasonable attorneys' fees may include compensation for work performed in preparing and presenting the fee application." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1205 (10th Cir. 1986); *see also Hernandez v. George*, 793 F.2d 264, 269 (10th Cir. 1986) ("[T]his court generally allows recovery of fees for attorneys' work in seeking attorneys' fees."). Further, recovering reasonable fees due to submitting the requested information aligns with the concerns of Rule 37(e)(1) that the sanction only extend to the extent "necessary to cure the prejudice."

on the destruction of text messages, not social media usage. For these reasons, a multiplier is not warranted for deterrence or other punitive purposes.

Plaintiffs also argue that other district courts and Tenth Circuit case law demonstrate that a multiplier of 20% is warranted. Doc. 173 at 11–12. Not so.

Plaintiffs direct the Court to *Stella v. Davis Cnty.*, No. 1:18-cv-00002-JNP, 2023 WL 5334427, at *11–12 (D. Utah Aug. 18, 2023) as an example of a similar case where "the Court decided to enhance each attorney's rate by 20% due to the risk and substantial delay in the resolution of the proceedings, the attorneys' excellent result and inflation."[6] *Id.* at 11. The court in *Stella* awarded an enhancement based on "the riskiness of [the] litigation, costly delays in its proceedings, and the excellent results counsel obtained at trial." 2023 WL 5334427 at *10. These factors are not present here. Not only do Plaintiffs not present argument on the riskiness of this case, but they have not come forward with any evidence that "absent an enhancement, 'the plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market.'" *Homeward Bound, Inc. v. Hissom Mem'l Ctr.*, 963 F.2d 1352, 1360 (10th Cir. 1992) ("[T]he party seeking to enhance the lodestar must also come forward with evidence that, absent an enhancement, 'the plaintiff would have faced substantial difficulties in finding counsel in the local or other relevant market.'"). An enhancement for delay is cognizable in "exceptional cases." *Perdue*, 559 U.S. at 555. The *Stella* case had dragged on for five years and proceeded to trial. 2023 WL 5334427, at *11. This case was filed in late 2023. This case has not proceeded to trial and

---

[6] The Court assumes that it found the correct order that Plaintiffs refer to. There were multiple orders entered in *Stella* on August 18, 2023, and Plaintiffs citation to the case did not provide a full citation. *See* Memorandum Decision and Order Denying Plaintiffs' Motion for Prejudgment Interest, *Stella*, 2023 WL 5334189 (D. Utah Aug. 18, 2023); Memorandum Decision and Order Partially Granting and Partially Denying Plaintiffs' Motion for Award of Attorney's Fees, *Stella*, 2023 WL 5334427 (D. Utah Aug. 18, 2023).

18

Plaintiffs cannot yet demonstrate that they have "obtained excellent results." *See id.* (quoting *Hensley*, 461 U.S. at 435). At this stage, the only constant between *Stella* and this case is that inflation continues to exist.

The *Stella* court found that "20% reflects the inflation rate from the time of the complaint's filing to filing of the present motion," and thus it applied a 20% multiplier to the lodestar amount. *Id.* at *12. The 20% figure reflected the inflation rate from the filing of the complaint, January 2018, until the filing of the fee motion, October 2022. *Id.* at *12 n.17. Majority of the work caused by Defendant Lunsford's destruction of texts, which the Court found reasonably necessary, was completed between March and November of 2025. *See* Doc. 173-1 at 13–15. The present motion for fees was filed on November 19, 2025. Doc. 173. The Court will not conduct its own economic analysis to account for the minute inflation that took place between months when Plaintiffs' counsel completed the work and when they filed the present motion.[7] *Stella* is inapplicable here and Plaintiffs' 20% figure is not warranted under any of the factors considered by the court in *Stella*.

Indeed, the Tenth Circuit has noted that "compensation received years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed." *Smith v. Freeman*, 921 F.2d 1120, 1123 (10th Cir. 1990) (quoting *Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 283 (1989)). But here Plaintiffs completed the work at issue and submitted their fee request just months, and at times weeks, apart. *See* Doc. 173-1 at 13–15. Thus, inflation concerns do not rise to their typical level here and certainly do not rise to

---

[7] According to the U.S. Bureau of Labor Statistics' CPI Inflation Calculator, the same calculator used in *Stella*, a dollar in June of 2025, the median month of the submitted billable entries, has roughly the same buying power as dollar in November of 2025. *U.S. Bureau of Labor Statistics CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited July 7, 2026). In other words, the inflation rate was nominal during the time period at issue.

an amount such as 20%. Moreover, these sanctions are awarded pursuant to Rule 37(e)(1), and Rule 37(e)(1) authorizes sanctions to the extent "necessary to cure the prejudice." Any enhancement above the work performed, especially given the lack of an inflation concern here, would be punitive and amount to a sanction greater than necessary to cure the prejudice.

Accordingly, the Court will not award a multiplier or enhancement.

## III.    The Court includes New Mexico Gross Receipts Tax.

Plaintiffs request New Mexico Gross Receipts Tax of "0.07625% for a total amount of $8,272.057" based on their original calculations and their proposed 20% enhancement. Doc. 173 at 12. Defendants do not object to the addition of New Mexico Gross Receipts Tax.[8] *See* Doc. 188 at 3. Based on the reasonable fees, the Court will add the proper gross receipts tax amount to the award.

A gross receipts tax payment is not an attorney's fee but a tax on a fee. *See Shaw v. United States*, No. CIV 17-0147 JB/LF, 2018 WL 3598513, at *7 (D.N.M. July 26, 2018). But "New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award." *Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013) (citing *Herrera v. First N. Sav. & Loan Ass'n*, 805 F.2d 896, 901–02 (10th Cir. 1986)); *accord Rio Grande Sun v. Jemez Mountains Pub. Sch. Dist.*, 2012-NMCA-091, ¶¶ 26, 29, 287 P.3d.

As a preliminary matter, the gross receipts tax rate for Albuquerque is 7.6250%. *See GRT Location Code and Rate Finder Map*, https://www.tax.newmexico.gov/governments/gross-

---

[8] Since Defendants do not dispute Plaintiffs' request for gross receipts tax, the Court may treat the lack of response as consent to grant the motion as it relates to that particular request. *Green v. S. Cent. Colfax Cnty. Special Hosp. Dist.*, No. 1:25-cv-00304-JMR-LF, 2025 WL 3642004, at *5 (D.N.M. Dec. 16, 2025) (*citing Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1168 n.6 (D.N.M. 2021) ("[F]ailure to respond to an argument raised in a motion constitutes consent to grant the motion to the extent associated with that particular argument.")).

receipts-location-code-and-tax-rate-map/ (last visited July 8, 2026). Here, the total reasonable award is $20,515.00. Thus, the proper amount in gross receipts tax is $1,564.27. The sum total of the award is $22,079.27.

<strong>CONCLUSION</strong>

In sum, the Court finds that a reasonable and appropriate award of attorneys' fees resulting from the destruction of ESI amounts to $22,079.27. This award is necessary to cure the prejudice resulting from the destruction of ESI, but no greater than necessary. The Court finds that Plaintiffs' reasonably spent 37.3 hours in response to the sanctioned conduct, and compensation at a rate of $550.00 per hour is reasonable.

**IT IS THEREFORE ORDERED** that Plaintiffs' Itemized List and Affidavits in Support of Attorneys' Fees and Costs (Doc. 173) is hereby **GRANTED in part and DENIED in part** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Defendant Lunsford shall pay Plaintiffs for 37.3 hours of work at a rate of $550.00 per hour which amounts to $20,515.00, plus gross receipts tax of 7.6250%, for a **total of $22,079.27**. Payment shall be made no later than **August 9, 2026**.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE